## UNITED STATES DISTRICT COURT
## MIDDLE DISRICT OF FLORIDA
### TAMPA DIVISION

CONTINENTAL INSURANCE COMPANY,

    Plaintiff,

v.                                 **CASE NO. 8:05-CV-1658-T-17MSS**

POLLY ROBERTS and STEPHEN
GIMOPOULOUS

    Defendants.
_____ /

### ORDER ON MOTION TO DISMISS

This cause is before the Court pursuant to Defendant, Polly Roberts', Motion to Dismiss (Docket No. 9), filed October 26, 2005; Defendant, Steve Gimopolous', Motion to Strike, Dismiss, and/or For a More Definite Statement (Docket No. 12), filed October 26, 2005 and accompanying Memorandum of Law; and Plaintiff, Continental Insurance Company's (Continental), Memorandum of Law in Opposition to Defendants' Motion to Dismiss (Docket No. 19), filed November 28, 2005.

### BACKGROUND

Plaintiff, Continental, is a citizen of Illinois and Defendants, Roberts and Gimopolous, are citizens of Florida. Continental is seeking a Declaratory Judgment, as to Plaintiff Roberts, that it has no duty to provide defense or indemnity due to fraud and concealment, and, further, seeks damages against Roberts and Gimopolous for breach of duty, contract, fraud, unjust enrichment and civil conspiracy.

Defendant Roberts was insured by Plaintiff Continental for a boating accident in which Defendant Gimopolous was injured. In July, 2001 Gimopolous dove from the boat into shallow water, severely injuring himself. Continental was informed of the accident in May, 2002. Continental offered to settle at first for $25,000.00, and then for $100,000.00, and both were rejected. Gimopolous brought suit against Roberts in

**CASE NO. 8:05-CV-1658-T-17MSS**

Pinellas County Court.  Continental gave counsel to Roberts, who rejected and changed counsel several times.  Over the course of the proceedings, Continental determined that it had reason not to defend or indemnify Roberts in the suit brought against her by Gimopolous in the Pinellas County Court.  Continental then relinquished it's defense of Roberts.

In the county court proceedings, Roberts put on no defense and judgment was found in favor of Gimopolous.  Continental was not a party to the county court proceedings but it did file Motions to Intervene prior to the beginning of the proceeding, and, again, before final judgment was rendered.  The Motions to Intervene asserted immediate interest in the case, fraud and collusion.  The Motions were denied.  The Pinellas County Court rendered judgment in favor of Gimopolous.  Continental has appealed the denial its of Motions to Intervene.  More than one month after the judgment, Roberts served a Motion to Amend to Assert Third Party Complaint against Continental for indemnity against Gimopolous.

## DISCUSSION

*A. Consideration of Declaratory Judgment*

Defendant Roberts asserts two main reasons why there should be no hearing as to the declaratory judgment and why the case should be dismissed.  First, Roberts asserts that the issues and parties here are the same as those that are in contention in the State proceeding and second that there is an active case pending in state court in which Continental has invoked jurisdiction therein through Motions to Intervene.  Roberts states that the Court has broad discretion in asserting jurisdiction when there is a pending case with the same parties and issues before the state court.  *Wilton v. Seven Falls Ins. Co.*, 115 S. Ct. 2137 (1995); *Brillhart v. Excess Ins. Co.,* 316 U.S. 491.  The Court does have this discretion, however, the issues at hand are not so substantially similar to those before the state court so as to require it to abstain jurisdiction, nor are the named parties the same.  As such, this Court finds no satisfactory reason to dismiss or abstain from hearing this case on its merits.

The Declaratory Judgment Act allows for federal courts to declare "the rights and other legal relations of interested parties…[i]n a case of actual controversy." 28 U.S.C

**CASE NO. 8:05-CV-1658-T-17MSS**

§2201 (1995). The Declaratory Judgment Act has been construed liberally so as to give discretion to the federal courts to hear that which falls into their jurisdiction. This discretion is to be declined in favor of the state court when "another suit is pending in state court presenting the same issues, not governed by federal law, between the same parties." *Brillhart,* 316 U.S. at 495. Other factors for the federal court's consideration are whether the controversy can be better settled in a state court proceeding and whether the claims of "all parties in interest can satisfactorily be adjudicated" in the state court proceeding. *Id.*

The underlying case in Pinellas County Court will not resolve the issues between the parties in this declaratory judgment action as the defendants contend. The suit in the Pinellas County Court is a negligence and liability case that stems from a boating accident solely involving Gimopolous and Roberts. The case was heard without a jury and Defendant Roberts put on no defense. Continental was not a named party in the state court action, and, was denied a motion to intervene twice. Here, Continental seeks a declaratory judgment action alleging fraud and collusion between Roberts and Gimopolous and a determination of liability to defend and indemnify. Continental thus raises issues not in controversy in the Pinellas County Court action. *Brillhart* will not apply in this case because the state court case is not pending, nor does it involve the same parties or present the same issues.

*B. Abstention from Considering Declaratory Judgment*

Defendant Roberts relies on *Employers Ins. of Wausau v. Missouri Elec. Works, Inc.* 23 F.3d 1372(8th Cir., 1994) and *Employers Reinsurance Corp. v. Karussos*, 65 F.3d 796 (9th Cir., 1995) to have this court abstain from accepting jurisdiction in this case.

*Wausau* states that courts should follow several factors in determining abstention from a case. *Employers Insurance of Wausau*, 23 F.3d at 1375. These factors include the res of the forum, inconvenience of the federal forum, the possibility of piecemeal litigation, case priority, whether state or federal law controls, and the state forum's ability to protect the federal plaintiffs rights. *Id.* These factors are to be examined in conjunction with whether there is a state court case pending. *Brillhart*, 316 U.S. at 495. Although Roberts and Gimopolous have moved to amend the final judgment in state

**CASE NO. 8:05-CV-1658-T-17MSS**

court to include Continental, because the parties and issues in the current case are different and the state court case has been adjudicated, these arguments have little bearing. Though there are state law issues present, this case contains no "rare circumstances" giving cause for the district court to abstain from hearing the case. *Employers Insurance of Wausau,* 23 F.3d at 1376 (citing *Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.*, 460 U.S. 1, 26)

*Employers Reinsurance Corporation* (ERC) also relies on abstention through *Brillhart*, stating that judicial restraint should be used in accepting jurisdiction over declaratory judgment hearings during a pending parallel state court proceeding. *Employers Reinsurance Corp.*, 65 F.3d at 798. As stated above, the parties and issues at hand are sufficiently different to warrant this court accepting jurisdiction. The court has discretion in granting or denying an action for declaratory judgment and that discretion may be exercised as the court sees fit when subject matter jurisdiction is satisfied. *See Brillhart* at 494-495. The court should consider whether the parties' claims could be satisfactorily adjudicated in the state, whether all parties had been joined, and whether all parties are amenable to that proceeding. *Id.* at 495. These considerations have not been met, and as such, this court will not abstain from hearing this case.

*C. Pending State Court Case*

A federal court may decline jurisdiction for a declaratory judgment action if there is such a pending action in state court, as asserted by Defendant Roberts. *See Mitcheson v. Harris*, 955 F.2d 235 (4th Cir. 1992). However, there is no pending action in the state system involving the current issues and parties because the underlying case has been adjudicated without involvement from Continental. Continental has moved that Roberts and Gimopolous be joint defendants in the current case alleging fraud and collusion. In the state court case, Roberts and Gimopolous were adversarial in a negligence action. Florida law has determined that the issue of fraud and collusion be heard separately so as not prejudice the jury in a negligence action. *Palmisano v.* Spadaro, 109 So.2d 418, at 421-422. Granting jurisdiction for this case is thus appropriate.

Further, Florida case law consistently states that, upon final adjudication, the deciding court forfeits jurisdiction. The ability to amend upon final judgment would

**CASE NO. 8:05-CV-1658-T-17MSS**

introduce uncertainty into judicial proceedings detrimental to litigants and disruptive of the judicial process. *City of Boca Raton v. Ross Hoffman Associates, Inc.*, 501 So.2d 72. *Davidson v. Stringer* states that "after judgment or decree has been duly rendered and…has become final,…the jurisdiction of the court is exhausted, and it cannot take any further proceedings in the case, except with respect to enforcement of the judgment,…for its correction or vacation." *Davidson v. Stringer*, 147 So. 228 at 229

*D. Defendant Gimopolous' Motion to Dismiss Strike and for a More Definite Statement of Law*

Gimopolous seeks to have Counts I – VI dismissed for various reasons. Gimopolous is named in only Counts IV and VI alleging fraud and civil conspiracy against both defendants. Therefore, Gimopolous has standing to move to dismiss Counts IV and VI only. On Count IV defendant argues that insufficient pleadings fail to state a cause of action and so asks for a more definite statement. On Count VI he argues that there is no underlying tort giving rise to conspiracy, and that two causes of relief may not be sought on the same basis of facts.

Federal Rule of Civil Procedure 8 states that a claim for relief shall contain a short, plain statement of the grounds for jurisdiction, the pleader is entitled to relief and a demand for judgment, and 9(b) states that claims for fraud must be done with particularity. Fed. R. Civ. P. 8, Fed. R. Civ. P. 9(b). However, *Flamenbaum* does state that 9(b) will be satisfied if the complaint offers the statements, who made them, their content, and the manner of their misleading. *Flamenbaum v. Orient Lines, Inc.*, 2004 WL 1773207 at *6. Continental, in their pleadings did set forth the argument that Roberts and Gimopolous did collude to fraudulently bring suit against Continental by asserting that the insured Roberts was driving the boat on July, 1 2001, the day the accident occurred, in multiple letters, statements to investigators, and court filings, and thus, Count IV will not be dismissed.

Gimopolous seeks to strike count VI by stating that civil conspiracy must be based on an underlying tort, and as it is based on fraud, it fails in this effort. Also *Fish v. Adams*, 401 So.2d 843, 846 states that if there is a claim for damages on two counts based on the same facts, and one of those is civil conspiracy, then only one count may be

**CASE NO. 8:05-CV-1658-T-17MSS**

permissibly recovered.  However, there is an exception that civil conspiracy is a valid independent claim if the plaintiff "can show some peculiar power of coercion possessed by the conspirators by virtue of their combination, which power an individual would not possess."  *Churruca v. Miami Jai-Alai, Inc.*, 353 So.2d 547, 550.  Continental has asserted that Defendants Roberts and Gimopolous could not have acted individually in their underlying suit for negligence in support of *Churruca*.  Regardless of *Churruca*, the *Fish* argument fails in that the federal rules of civil procedure allow pleading in the alternative.  Fed. R. Civ. P. 8(e). Thus, Gimopolous's argument to strike Count VI fails.  Accordingly, it is

**ORDERED** that the Motion to Dismiss upon Declaratory Judgment by Defendant Polly Roberts (Docket No. 9); the Motion to Strike, Dismiss, And/Or For a More Definite Statement and Incorporated Supporting Memorandum of Law by Defendant Robert Gimopolous be **DENIED** and the defendants shall have ten (10) days from the date of this order to answer the complaint.

**DONE and ORDERED** in Chambers, in Tampa, Florida, on the 15th day of February, 2006

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

CC: All parties and counsel of record