## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

CONTINENTAL INSURANCE CO.,

      Plaintiffs,

v.                            CASE NO. 8:05-CV-1658-T-17MAP

POLLY ROBERTS and
STEPHEN GIMOPOULOS,

      Defendants.

_____/

### ORDER ON MOTION TO ABATE COUNTERCLAIMS AND STAY CAUSE

      This cause is before the Court on Plaintiff's Motion to Abate Counterclaims and Stay Cause (Docket No. 36), filed April 11, 2006, Defendant, Stephen Gimopoulos', Response to Plaintiff's Motion to Abate Counterclaims and Stay Cause (Docket No. 37), filed April 25, 2006, and Defendant, Polly Roberts', Response to above captioned motion (Docket No. 38), filed April 28, 2006.

### BACKGROUND

      Plaintiff insures Defendant Polly Roberts.  On July 1, 2001, Roberts and co-Defendant, long time boyfriend, Stephen Gimopoulos took some friends boating on Roberts' 18 foot Bombardier boat.  Either Roberts or Gimopoulos was piloting the boat through the Intercoastal Waterway.  In the state court, the two claimed Roberts was the pilot.  During the trip, some dolphins began swimming by the boat, so the driver shut down the engine.  Gimopoulos then dove head first into the water, which was approximately two feet deep and was injured.

      Gimopoulos sued Roberts in state court for negligence.  Just before the trial, one witness changed her testimony, and indicated Gimopoulos was operating the boat, not Roberts.  Therefore, Roberts lawyer, supplied by Plaintiff Continental Insurance, withdrew due to a conflict of interest.  Continental Insurance moved to intervene in the lawsuit, but the motion was denied.  Gimopoulos' trial was brief, and Roberts did not assert any defenses.  Continental has

appealed the state court decision holding Roberts liable to Gimopoulos for $7 million.

After Continental Insurance was denied intervention in state court, Continental filed this suit for collusive behavior, among other claims. Roberts and Gimopoulos filed cross-claims for bad faith for failing to settle Gimopoulos' state negligence suit. Continental Insurance filed the present motion.

## <u>DISCUSSION</u>

Plaintiff argues that Defendants' bad faith counterclaim cannot proceed because the claim is premature. The contention is that a bad faith claim does not ripen until final disposition of the underlying proceeding, including all appeals.

Both Defendants argue that the Plaintiff's appeal, in the Florida Second District Court of Appeals, is improper, since the Plaintiff was not a party to the original proceeding and, therefore, lacks standing to appeal. As the Plaintiff's appeal is improper, the underlying suit, according to Defendants, is final and the Defendants' counterclaims are not premature.

Filing a case pursuant to "section 624.155(1)(b)(1)., Florida Statutes (2000), is premature unless there has been a determination of liability and extent of damages *owed the insured* under the first-party insurance policy" *Old Republic Nat. Title Ins. Co. V. Home American*, 844 So.2d 818, 819 (Fla. 5th DCA 2003). "Hence, a party is not entitled to discovery ... in an action for insurance benefits combined with a bad faith action *until the insurer's obligation to provide coverage has been established." Id.*

A party's standing to appeal a state trial court's final decision in the state appellate court is controlled by state rules. *See* Fla.. R. App. P. 9.010 (2006). Courts rarely contend with collusion cases. *Sparado v. Palmisano*, 109 So.2d 418, 421 (Fla. 3d DCA 1959). As such it is best leave the decision on insurer's standing to appeal to the Florida Second District Court of Appeals. At this time, the appeal is still pending in state court. If Continental lacks standing, the appeal will be dismissed and there will be a final decision in the state negligence case. Therefore, under *Blanchard v. State Farm Mutual Auto. Ins. Co.*, it is appropriate to abate the section 624.155(1)(b)(1) bad faith claim. 575 So.2d 1289, 1291 (Fla. 1991). Upon the appellate decision, Defendants' bad faith claims against Continental may be reasserted, if appropriate.

Further, to maximize the use of judicial resources, the Court will stay the proceedings herein until the Florida Second District Court of Appeals rules on Plaintiff's appeal and Defendant's lack of standing motion pending in the state district court of appeals. Therefore, it

is

      **ORDERED** that the Plaintiff's Motion to Abate Counterclaims and Stay Cause (Docket No. 36) be **GRANTED** and these proceedings be stayed and administratively closed until final disposition of Plaintiff's appeal in the Florida Second District Court of Appeals.  The Plaintiff shall file a status report as to the state case every three months beginning October 9, 2006. Either party may move to reopen this case when appropriate.

      **DONE** and **ORDERED** in Chambers, in Tampa, Florida, on this 10th day of July, 2006.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record