UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CONTINENTAL INSURANCE COMPANY,

    Plaintiff/Counter-Defendant,

vs.                                                          Case No. 8:05-CV-1658-T-17MSS

POLLY ROBERTS AND STEPHEN
GIMOPOULOS,

    Defendants/Counter-Plaintiffs.
_____/

## ORDER DENYING MOTION TO DISMISS COUNTERCLAIMS

This cause comes before the Court on the Plaintiff/Counter-Defendant's (hereafter Plaintiff) Motion to Dismiss Count II of Defendant/Counter-Plaintiff (hereafter Defendant) Polly Roberts' counterclaim (Dkt. # 61) and Counts II and III of Defendant/Counter-Plaintiff (hereafter Defendant) Stephen Gimopoulos' amended counterclaim (Dkt # 60). For the reasons set forth, the Motion is **DENIED**.

## BACKGROUND

Plaintiff, Continental is a citizen of Illinois and Defendants, Roberts and Gimopoulos are citizens of Florida. Continental is seeking a Declaratory Judgment as to Plaintiff Roberts that it has no duty to provide defense or indemnity due to fraud and concealment and, further, seeks damages against Roberts and Gimopolous for breach of duty, contract fraud, unjust enrichment and civil conspiracy.

Defendant Roberts was insured by Plaintiff Continental at the time of the boating accident in which Defendant Gimopolous was injured. In July, 2001 Gimopolous dove from the boat into shallow water, severely injuring himself. Continental was informed of the accident in May, 2002. Continental first offered to settle for $25,000.00 and later for $100,000.00. Both of these offers were rejected. Gimopolous brought suit against Roberts in Pinellas County Court.

Continental gave counsel to Roberts, who rejected and changed counsel several times. Over the course of the proceedings, Continental determined that it had reason not to defend or indemnify Roberts in the
suit brought against her by Gimopolous in the Pinellas County Court. Continental then relinquished its defense of Roberts.

In the county court proceedings, Roberts put on no defense and judgment was found in favor of Gimopolous. Continental was not a party to the county court proceedings but it did file Motions to Intervene prior to the beginning of the proceeding, and again before final judgment was rendered. The Motions to Intervene asserted immediate interest in the case, fraud, and collusion. The motions were denied. The Pinellas County Court rendered judgment in favor of Gimopolous. Continental has appealed the denial of its Motion to Intervene. More than a month after the judgment, Roberts served a Motion to Amend to Assert Third Party Complaint against Continental for indemnity against Gimopolous.

## DISCUSSION

**Standard of Review for Federal Rule 12(b)(6) Motions to Dismiss**

This Court has recognized that dismissal of a complaint is warranted under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Portionpac Chemical Corp. V. Sanitech Systems, Inc., 210 F. Supp. 2d 1302, 1305 (M.D. Fla. 2002) (citing Executive 100, Inc. V. Martin County, 922 F. 2d 1536 (11th Cir. 1991)). A complaint or counterclaim may not be dismissed for failure to state a claim under Rule 12(b)(6) "'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Magluta v. Samples, 256 F.2d 1282, 1283-84 (11th Cir. 2001) (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed. 2d 80 (1957)).

Continental argues that the injured third-party, Gimopoulos, and their own insured, Roberts cannot both make a claim for bad faith for the same alleged breach of duty. Both Count III of Gimopoulos' amended counterclaim and Count II of Defendant Robert's counterclaim

2

allege bad faith on the part of Plaintiff Continental. Continental cites no law stating that both parties may not bring simultaneous claims for the same cause of action. Continental argues that either the claim must be assigned to the injured third party, in which case the insured's claim would be dismissed under Fed. R. Civ. P. 12(b)(6) or alternatively, if there is no assignment, then the injured third party's claim would fail under the same rule.

This Court finds their argument unconvincing. First, both Defendants have met the threshold pleading requirements under the standard of review. Only "a short and plain statement" of the claim that will give the defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest are required. Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001). A complaint or counterclaim may not be dismissed for failure to state a claim under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." See Magluta, supra. It cannot be reasonably said under the standard for a motion to dismiss that the allegations made in the counterclaims show beyond doubt that they can prove no set of facts that would entitle either defendant to relief.

The Florida Supreme Court has recognized that both the insured and the injured third-party claimant can assert claims for common law bad faith against the insurer in the same action. The claims though have a different basis. A third-party bad faith cause of action arises when the insurer fails to act in good faith in handling a claim brought by a third party against an insured, whereas a first-party bad faith cause of action arises when an insurer fails to act in good faith in the processing of the insured's own first-party claim. Macola v. Gov't Emples. Ins. Co., 2006 Fla. LEXIS 2532 (Fla. 2006) (citing Allstate Indem. Co. v. Ruiz, 899 So. 2d 1121 (Fla. 2005)). Applying the appropriate standard of review, Continental has not shown where there are no set of facts under which the counter-plaintiffs would be entitled to relief.

Continental's concern for the potential of "double recovery" is unfounded. The Counterclaim is clear that the underlying judgment for $7,044,923.04 (Exhibit 1 to the Counterclaim at Dkt. #29) was entered in favor of Gimopoulos against Roberts. As such there is no potential for double recovery since Roberts merely seeks to have the judgment against her

3

satisfied and Gimopoulos seeks payment of the judgment granted him. It is undisputed that there is only one judgment that would be satisfied should Continental be found liable. Continental's argument that Gimopoulos' amended counterclaim fails to state a claim for breach of contract fails to pass through the fine mesh of a Rule 12(b)(6) dismissal. Although their argument relying on Clement (see Clement v. Prudential Property & Casualty Ins. Co., 790 F.2d 1545, 1547 (11th Cir. 1986)) may hold sway at trial, at this juncture the counterclaims may not be dismissed unless it appears beyond doubt that the counter-plaintiffs can prove no set of facts in support of his claim which would entitle them to relief.  That has not been established at this time. See Magluta, supra.

Gimopoulos may well have difficulty in sustaining his claim for breach of contract since Gimopoulos as a third party never had a contract with Continental unless Roberts has assigned her rights under that contract to him. The fact that she has a claim for breach of contract suggests that no such assignment has taken place but nothing has been presented to this Court suggesting which party holds those contract rights. The parties are free to work this out among themselves and submit amended complaints/counterclaims in order to clarify who has the contract rights. The Plaintiff's motion does not satisfy the requirements for dismissal under the Standards of Review for a Rule 12(b)(6) motion. Accordingly it is

**ORDERED** that Plaintiff/Counter-Defendant's Motion to Dismiss the counterclaims on all counts  (Doc. No. 21) be **DENIED** and the Defendants/Counter-Plaintiffs have ten days from this date to answer the counterclaims.

**DONE** and **ORDERED** in Chambers, Tampa, Florida, this 20th day of April, 2007.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and Counsel of Record