UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CONTINENTAL INSURANCE
COMPANY,

    Plaintiffs,

v.                                                   Case No.: 8:05-cv-1658-T-17MSS

POLLY ROBERTS and STEPHEN
GIMOPOULOS,

    Defendants.
_____/

## ORDER ON PLAINTIFF'S MOTION TO BIFURCATE THE TRIAL

This cause comes before the Court on a Motion to Bifurcate filed by Plaintiff, Continental Insurance Company (Continental), (Dkt. 116), on October 27, 2007 and responses thereto (Dkts. 118, 119). For the reasons set forth below, the Plaintiff's Motion to Bifurcate the trial is **GRANTED**. The following facts are taken as true for the purpose of resolving the pending motion.

### Facts and Procedural History

On July 1, 2001, Plaintiff, Polly Roberts (Roberts), and her live-in boyfriend Stephen Gimopoulos (Gimopoulos), were entertaining friends James Jamro and Kimberly White, on Roberts' boat. Roberts Answer ¶ 12 (Dkt. 29). During the outing, Gimopoulos dove headfirst into shallow water and sustained serious physical injuries, in the way of paralysis. *Id.* at ¶ 13. Gimopoulos filed *Gimopoulos v. Roberts*, No. 03-6824-CI-20 (Cir. Ct., Pinellas County, Fla.) ("*Gimopoulos II*"), seeking to hold his girlfriend liable for his injuries.

This is not the first time these parties have brought this matter before the court. On April 20, 2004, this Court granted summary judgment for Gimopoulos in *The Continental Casualty Company v. Roberts. Et al.,* Case No. 8:03 CV 1260-T24 (M.D. Fla.) (the "Continental Coverage Action"). Complaint ¶ 21 (Dkt. 1). Continental appealed this Court's ruling in the Continental Coverage Action to the United States Court of Appeals for the Eleventh Circuit. Complaint ¶ 23 (Dkt. 1). On June 3, 2005, a sharply divided panel of the Eleventh Circuit ruled, 2-1, that the Policy was ambiguous and that, as a result, the household sublimit of $25,000.00 did not apply to Gimopoulos s claim. *Id.* Continental asked the Eleventh Circuit to reconsider its ruling, but Continental' s Petition for Rehearing was denied. *Id.*

On May 30, 2003 Gimopoulos filed suit against Roberts and Continental in Pinellas County, Florida; *Gimopoulos v. The Continental Insurance Co. and Polly Roberts,* Case No. 03-4306-CI-13, in the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida ("*Gimopoulos I*"). Complaint ¶ 26 (Dkt. 1). In July 2003, Gimopoulos voluntarily dismissed *Gimopoulos I.* Complaint ¶ 27 (Dkt. 1).

In September, Roberts filed *Gimopoulos v. Roberts,* Case No. 03-6824-CI-20 in the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida ("*Gimopoulos II*"). Complaint ¶ 28 (Dkt. 1).

Continental brought this claim against Roberts and Gimopoulos on September 6, 2005, alleging six causes of action, specifically fraud and civil conspiracy of fraud. Complaint (Dkt. 1). Defendants both then filed counterclaims, alleging among other claims, bad faith on the part of Continental. (Dkts. 29, 31). Continental followed with a Motion to Bifurcate the Trial on October 22, 2007. (Dkt. 116). Defendant, Stephen Gimopoulus, filed his Response in Opposition to Plaintiff's Motion to Bifurcate on November 5, 2007. (Dkt. 118). Defendant,

Polly Roberts, filed her Response to Plaintiff CNA's Motion to Bifurcate the Trial with Integrated Memorandum of Law on November 8, 2008. (Dkt. 119).

## Discussion

In Plaintiff's argument for bifurcation, Continental asserts that under Florida law insurance coverage must be established before a bad faith claim can succeed. (Dkt. 116-1). Continental claims that bifurcation is necessary to avoid prejudice. (Dkt. 116-7) Continental explains that they will be unfairly prejudiced if forced to litigate a bad faith claim in tandem with a coverage claim because the evidence put forth to prove the bad faith claim could prejudice the jury's view of the coverage issue. (Dkt. 116-7) (citing from *CNL Hotels Resorts, Inc. v. Twin City Fire Ins. Co.*, No. 06-cv-324, 2006 U.S. Dist. LEXIS 75003, at *5 (M.D. Fla. Oct. 16, 2006) (Presnell, J.)).

Continental also asserts that bifurcation could result in a furtherance of judicial economy in that if there is no coverage then there would be no need for a bad faith trial. (Dkt. 116-9). Continental adds that even in the event of the need for two trials, bifurcation would narrow the issues and reduce the number of witnesses and exhibits necessary for any second trial. *Id.*

Thus, Continental is requesting that the trial be bifurcated with the first part addressing the issue of whether coverage exists and the second part addressing bad faith claims. *Id.*

Defendants Roberts and Gimopoulos argue that bifurcation of the trial would unfairly prejudice their claim and cause a decrease in judicial efficiency. (Dkt. 118-16, 14). Gimopoulos asserts that a bifurcation would result in trying the same case twice. (Dkt. 118-14). He also puts forth in his response that he intends to file a Motion for Summary Judgment, which if granted would evaporate foundation of the motion for bifurcation. (Dkt. 118-16).

Defendants, both filed Motions for Summary Judgment on December 7, 2007. (Dkts. 135, 138). This Court entered an order on the issue on April 18, 2007. (Dkt. 165). Pursuant to this Court's ruling however that the Motions for Summary Judgment were granted in part and denied in part, the issues raised in the Motion for Bifurcation still remain. Thus, this Court finds that the arguments for and against bifurcation are still relevant.

The Eleventh Circuit has ruled that separate trials are permitted "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy." *Itel Capital Corp. v. Cups Coal Co.*, 707 F.2d 1253 (11th Cir. 1983) (citing Fed. R. Civ.P. 42(b)). Florida courts have established that coverage and bad faith claims should be bifurcated. *CNL Hotels*, 2006 U.S. Dist. LEXIS 75003, at *6. Furthermore, the court must determine coverage before the bad faith claim can even be addressed. *Farmer v. Liberty Mut. Fire Ins. Co.*, 2007 U.S. Dist. LEXIS 19024 *4 (S.D. Fla. Mar. 19, 2007) (Cohn, J.).

In *Griffin*, the Eleventh Circuit found that denial of bifurcation is appropriate where bifurcation would not significantly increase judicial efficiency. *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1301 (11th Cir. 2001). Specifically a bifurcation is not appropriate if it will result in trying the same case twice. *Id.*

### Conclusion

Pursuant to *Farmer* and *Itel Capital*, this Court finds that bifurcation is necessary in order to determine the coverage issue before allowing litigation of the bad faith claim. Furthermore, this Court finds that bifurcation of the trial will narrow the issues, and require fewer witnesses and exhibits for a second trial. Furthermore, the juries will be better able to focus on the issues at hand. This Court finds that bifurcation of the trial will not unfairly prejudice any of the parties in this case. Accordingly, it is

**ORDERED** that Plaintiff's Motion to Bifurcate the Trial (Dkt. 116) is **GRANTED**.

**DONE** and **ORDERED** in chambers at Tampa, Florida on this __8th__ day of July, 2008.

ELIZABETH A. KOVACHEVICH
United States District Judge

Cc: All Parties and Counsel of Record