**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CONTINENTAL INSURANCE**
**COMPANY,**

> **Plaintiffs,**

> **v.**                                                          **Case No.: 8:05-cv-1658-T-17MSS**

**POLLY ROBERTS and STEPHEN**
**GIMOPOULOS,**

> **Defendants.**

_____/

**ORDER ON PLAINTIFF'S OBJECTION TO THE**
**MAGISTRATE JUDGE'S JANUARY 14, 2008 ORDER**

This cause comes before the Court on an Objection to the Magistrate Judge's Order (Dkt.

161) filed by Plaintiff, Continental Insurance Company (Continental), (Dkt. 163), on January 29,

2008.   The following facts are taken as true for the purpose of resolving the pending motion.

**Facts and Procedural History**

On July 1, 2001, Plaintiff, Polly Roberts (Roberts), and her live-in boyfriend Stephen

Gimopoulos (Gimopoulos), were entertaining friends James Jamro and Kimberly White, on

Roberts' boat.  Robert Answer ¶ 12 (Dkt. 29).  During the outing, Gimopoulos dove headfirst

into shallow water and sustained serious physical injuries, in the way of paralysis.  *Id.* at ¶ 13.

Gimopoulos filed *Gimopoulos v. Roberts*, No. 03-6824-CI-20 (Cir. Ct., Pinellas County, Fla.)

("Gimopoulos II"), seeking to hold his girlfriend liable for his injuries.

Two separate suits took places in state court.  For the second suit, *Gimopoulus II*,

Continental retained four experienced attorneys to represent Roberts, pursuant to the terms of the

insurance policy.  The first attorney, Mr. Timothy Conley was forced to withdraw due to a

previously unseen conflict.  Conley Dep. at 40:11-41:4; 82:4-18 (Becerra Decl. Exh. A).  The

second attorney, Ms. Maureen Deskins was forced to withdraw when it became apparent that

Roberts was refusing to cooperate in her own defense and because Ms. Deskins perceived that

some of her actions may have created un-waivable conflict.  *See* Deskins Dep. Volume I at

15:17-16:19; 25:13-26:11 (Becerra Decl. Exh. B).  Roberts' insistence on testifying at trial that

she was driving the boat created an un-waivable conflict with the third attorney, Timothy Shusta,

who was forced to withdraw rather than impeach his own client.  Shusta Dep. at 120:8-123:6;

137:24-142:8 (Becerra Decl. Exh. C)  The fourth attorney, Mr. Michael Dolce was not allowed

by Roberts to seek a short continuance, and, thus, he withdrew.  The objection at hand involves

Ms. Maureen Deskins.  Dolce Dep. at 12:6-12 (Becerra Decl. Exh. E).

In regards to the issues here, Defendant Roberts asserted defenses and counterclaims

alleging that Continental, through their appointed counsel, were representing their own interests.

(Dkt. 29).  Continental then sought explanations from Defense Counsel Deskins.  Roberts,

however, refused to allow Deskins to provide explanations to Continental.  Continental filed a

Motion to Compel on May 29, 2007, (Dkt. 79) and Roberts opposed this and filed for a

Protective Order on June 15, 2007 (Dkt. 91).  On September 11, 2007, the Court held a hearing

on Plaintiff's Motion to Compel and it determined that Defendant Roberts could waive the

attorney-client privilege with respect to communications with her counsel, and, simultaneously

maintain the privilege over other matters, particularly her counsel's mental impressions.  (Dkt.

105).  The Magistrate Judge expressed on the record that potential exceptions of mental

impressions might be properly discoverable by the Plaintiff in light of Defendant's issue

injection by the counterclaim.  (Dkt. 161).

During the Plaintiff's Deposition of Deskins on October 15, 2007, a dispute arose among

the parties concerning certain questions posed to Deskins as well as a "Memorandum to File"

that was composed by Deskins.  (Dkt. 161).  The parties contacted the court and the Magistrate

Judge resolved that in order to evaluate whether Ms. Deskins' answers would reveal mental

impressions that constituted work product, the Court would need to know the answers.  *Id.*  Thus,

the Magistrate Judge allowed Plaintiff's counsel to submit written interrogatories for Deskins to

answer, then to be reviewed by Roberts.  *Id.*  Roberts would then determine whether to invoke

the privilege over the answers and file an appropriate motion.  *Id.*  Once the Defendant reviewed

the answers, she did assert that the answers were privileged.  *Id.*  Thereafter, Defendant filed

Motion for Protective Order.  (Dkt. 125).  The Magistrate Judge reviewed the answers and, on

January 14, 2008, made rulings on each answer, granting in part and denying in part the

Defendant's Motion for Protective Order.  (Dkt. 161).

On January 29, 2008, Plaintiff filed Objection to the Magistrate Judge's January 14, 2008

Order.  (Dkt. 163).  Defendant filed response to Objection on February 15, 2008.  (Dkt. 164).

## Standard of Review

The standard of review for discovery is abuse of discretion.  *Thomas v. George, Hartz,*

*Lundeen, Fulmer, Johnstone, King & Stevens, P.A.*, 2008 U.S. App. LEXIS 8844 *23 (11th Cir. Fla.

2008); *See also*, *Castle v. Sangamo Weston, Inc.*, 744 F.2d 1464, 1466 (11th Cir. 1984) (per curiam).

Under the abuse of discretion standard or review, the court must affirm, unless it finds that the

district court made a clear error of judgment or has applied the wrong legal standard.  *Id.*; *See*

*also*, *United States v. Frazier*, 387 F.3d 1244, 1259 (11th Cir. 2004).

## Discussion

Continental objects to the Court's ruling that parts of Attorney Deskins' answers to interrogatories are protected as mental impressions.  (Dkt. 163).  Continental argues that: (1) the nature of the relationship between Roberts and Continental has been one that allows Continental to receive work product and mental impressions and (2) Roberts waived any work product privilege by asserting counterclaims and defenses alleging defense counsel were improperly representing her interests.  *Id.*   Continental asserts that the nature of the relationship between Continental and Roberts was set forth at the beginning of the relationship with the letter to Roberts from Deskins that explained that status letters would be sent to Continental.  *Id.*

Defendant argues that Continental raised new issues in its objection that it had not raised before.  (Doc. 164).  Specifically, Roberts states that Continental had not raised the "nature of the relationship" argument prior to its objection.  *Id.*  Roberts states that because this issue was not raised in Continental's Motion to Compel or in its Responses for Protective Order, that it should be denied.  *Id.*

Roberts further asserts that, even if the Court were to accept the "nature of the relationship" assertion put forth by Continental, the Objection is still without merit.  *Id.*  Roberts states that mental impressions, opinions, and legal theories of her prior counsel are protected from disclosure by the work-product privilege.  *Id.*  Roberts goes on to explain that Continental continues to argue the waiver of attorney-client privilege incorrectly.  *Id.*

Lastly, Roberts argues that Continental's Objection is not an "objection" to the Magistrate Judge's Order, but rather a Motion for Summary Judgment or for Motion in Limine.  *Id.*

Because Defendant makes the statement that there was no assertion of the attorney-client

privilege regarding communications with the underlying defense counsel, but rather the assertion

was one of mental impressions and work-product, this Court is going to focus on the issue of

mental impressions and work product.  Defendant's Answer ¶ 14.   On the issue of attorney-

client privilege, this Court considers the privilege waived pursuant to the ruling in *Home Ins. Co.*

*v. Advance Machine Co.,* 443 So. 2d 165 (Fla.Dist.Ct.App. 1983), that when a party bases a

claim on a matter which would be privileged, the proof of which will necessitate the introduction

of privileged matter into the evidence and then attempts to raise the privilege as a means to

preclude discovery, the privilege may be deemed waived.  *See also*, *Savino v. Luciano*, 92 So. 2d

817, 819 (Fla. 1957).

According to *Cozort v. State Farm Mut. Auto. Ins. Co.,* 233 F.R.D. 674, 676 (M.D. Fla.

2005), Rule 26 of the Federal Rules of Civil Procedure, which governs discovery, does not apply

to litigation that was initiated, litigated, and resolved solely in state court.  Rule 26 does not

apply to any work product *relating* to that litigation that occurred in state court.  *Cozort*, 233

F.R.D. at 676; *see also*, *Shams v. State Farm Mut. Auto. Ins. Co.*, No. 6:06-CV-621-Orl-28DAB,

2007 WL 496610, *2-3 (M.D. Fla. Feb. 12, 2007); *U.S. Fidelity & Guar. Co. v. Liberty Surplus*

*Ins. Corp*, 2007 WL 3023488 *2 (M.D. Fla).  Therefore, because the question at hand is about

the mental impressions or opinion work product of Attorney Maureen Deskins during her

defense of Roberts during *Gimopoulus II*, which took place in the Circuit Court of the Sixth

Judicial Circuit in and for Pinellas County, Florida, all work product issues are going to be

governed by Florida state law.  Federal Rule of Evidence 501 further supports the application of

state law in this situation, stating:  "However, in civil actions and proceedings, with respect to an

element of a claim or defense as to which State law supplies the rule of decision, the privilege of

a witness, person, government, State, or political subdivision thereof shall be determined in accordance with State law."  FED. R. EVID. 501.

In *Trepal v. State*, 754 So. 2d 702, 708 (Fla. 2000), the Florida Supreme Court ruled that the defense attorney's mental impressions were discoverable because the criminal defendant had claimed that defense counsel had been negligent in providing defense.  Thus, the Florida Supreme Court instructed the trial court to conduct an *in camera* inspection of the material in order to resolve the issue.  *Trepal*, 754 So. 2d at 208.  *Shams*, the case in which a federal court explained that State Law governs work product issues regarding where the material in question is related to underlying litigation, cites *Mendez v. Unitrin Direct Property and Casualty Ins. Co.*, No. 8:06cv563-T-24MAP (M.D. Fla. Dec. 8, 2006) where work product in a bad-faith insurance case was deemed discoverable and, thus, subject to an *in camera* review.

Not only does *Cozort* establish that state law should be applied when the underlying litigation took place in state court, but *Cozort* also cites *Ruiz* which established all materials, including letters, memoranda, and documents that were created up to and including the date of resolution of the underlying litigation is discoverable.  *Cozort*, 233 F.R.D. at 675 (citing *Allstate Indemnity Company v. Ruiz,* 899 So. 2d 1121 (Fla. 2005)).  *Cozort* also explains that while opinion work product such as mental impressions is normally afforded a higher level of protections, their exemption is not absolute.  *Cozort*, 233 F.R.D. at 676.  The *Springer* court determined that communications between an insured and his counsel, that pertain to the common interest held by the insurer and the insured are available to the insurer, even if at a later date the interests become adverse.  *Springer v. United Services Auto. Ass'n*, 846 So. 2d 1234, 1235 (Fla. 5th DCA 2003).

6

### Conclusion

Because the materials in question relate to underlying litigation that took place in state court and due to the nature of the case and the relationship between Continental and Roberts at the time of the communication in question, the work product of Deskins may not be subject to the work-product privilege.  This Court acknowledges that the material in question has already been reviewed by the Magistrate Judge and certain portions of the material were deemed protected.  However, it is not clear as to which cases the Magistrate had in mind when determining her ruling.  This Court therefore returns this issue to the Magistrate Judge for her review in light of these cases and standards.  Accordingly, it is

**ORDERED** that the matter of Attorney Deskins' answers to interrogatories and her "Memorandum to File" is **returned** to the Magistrate Judge for further review with consideration of the cases and standards set forth in this order.  The objections are otherwise **OVERRULED**.

**DONE** and **ORDERED** in chambers at Tampa, Florida on this 9th day of July 2008.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Cc: All Parties and Counsel of Record