UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CONTINENTAL INSURANCE COMPANY,

    Plaintiff,

vs.                                          CASE NO.:   8:05-cv-1658-T-17MSS

POLLY ROBERTS and STEPHEN GIMOPOULOS,

    Defendants.
_____/

## DEFENDANTS' MOTION IN LIMINE REGARDING MARIJUANA USE

**DEFENDANTS**, POLLY ROBERTS and STEPHEN GIMOPOULOS, hereby file this their Motion In Limine Regarding Marijuana Use, seeking an Order precluding Continental from eliciting testimony or otherwise referencing marijuana use by Defendant Stephen Gimopoulos, and as grounds therefore state as follows:

1. Defendants reasonably anticipate that Continental may seek to elicit testimony or otherwise make reference or argument to marijuana use by Defendant Stephen Gimopoulos. Counsel for Continental inquired into this area in Gimopoulos' deposition in this case and therefore Defendants reasonably anticipate that Continental will undertake a similar line of testimony at the upcoming bifurcated trial of this action.

2. Such testimony or evidence has absolutely no relevancy to the present proceedings and would be severely prejudicial to Defendants.

3. The probative value of such proffered evidence is judged by its relevancy to the issues of the case. Fed.R.Evid. 401. The determination of whether the evidence is relevant is within the sound discretion of the trial court. *Young v. Anderson,* 513 F.2d 969, 973 (10th Cir.1975). Here, marijuana use by Defendant Gimopoulos is of no

relevance to any issue in this case. It is of no relevance and bears no relationship to the matters being litigated or the damages being claimed. Continental has brought an action for fraud against Gimopoulos and Roberts claiming they misrepresented who was driving the boat in 2001 immediately prior to Gimopoulos' tragic accident. Continental seeks as damages some $150,000 in attorneys' fees and costs it expended in the defense of Roberts.

4. This is not an action where marijuana use at the time of the boating accident itself might impact liability in the tort case. Those issues are not being litigated here. Even if they were, there is absolutely no evidence that Gimopoulos had used or was under the influence of marijuana on the day of the accident.

5. Moreover, this is not a claim wherein Gimopoulos is seeking recovery for mental or emotional distress such that pre- and post- accident use of marijuana might have some probative value as has been found in some cases of that nature. The claim being tried seeks recovery of attorneys' fees and costs **by Continental**. Gimopoulos' counterclaim to be tried at this time, in light of this Court's Order bifurcating the coverage issues from the extra-contractual issues, is limited to the $100,000 policy limits if coverage is found, together with some fees, costs and interest from the underlying tort case. It can hardly be argued that Gimopoulos' catastrophic injuries, including paralysis, are valued at far in excess of $100,000, regardless of any mental or emotional component of his injuries, so there is no place for Continental to challenge this limited damages claim in the upcoming trial. *See Chesler v. Trinity Indus., Inc.,* No. 99 C 3234, 2002 WL 1822918, at *1 (N.D.Ill. Aug.8, 2002) (Brown, M.J.) ("evidence [of illegal drug use] is too remote ... to be relevant to the issues"). Absent relevancy,

evidence of drug use is inadmissible. See *Santiago v. Furniture Chauffeurs, Piano Movers, Packers, & Handlers Local 705,* No. 99 C 2886, 2001 WL 11058, at *3 (N.D.Ill. Jan.4, 2001) (Kennelly, J.) (excluding evidence of prior bad acts for lack of probative value); cf. *E.E.O.C. v. Kim & Ted, Inc.,* No. 95 C 1151, 1996 WL 26871, at *3 (N.D.Ill. Jan.22, 1996) (Conlon, J.) (denying motion *in limine* to bar evidence of employee's illegal drug use because it relates to her job performance and emotional damages claims).

6.  Even if Gimopoulos' marijuana use were determined to be relevant, the trial court must balance the probative value of the evidence against its potential prejudicial effect, and may exclude otherwise admissible evidence if its probative value is substantially outweighed by the danger of unfair prejudice. See *Foradori v. Harris,* 523 F.3d 477 (5th Cir. (Miss.) 2008) (evidence that *Foradori* merely used marijuana on unspecified occasions in the past is highly prejudicial, and it has little bearing on *Foradori's* likelihood to attend college or his future earnings); (*Mankey v. Bennett,* 38 F.3d 353, 360 (7th Cir.1994); see also Fed.R.Evid. 403. Evidence of marijuana use by Gimopoulos in this coverage action would be severely prejudicated and has absolutely no bearing on who was driving the boat or whether Roberts cooperated with Continental.

7.  Accordingly, as the only purpose for introduction of any evidence or testimony about Gimopoulos' marijuana use would be for purposes of impugning his character and prejudicing the jury against him, and there is absolutely no relevancy of such information to the issues at hand, Continental should be precluded from raising this issue at trial.

**WHEREFORE**, for the foregoing reasons, Defendants, POLLY ROBERTS and STEPHEN GIMOPOULOS respectfully request that this Honorable Court enter an Order In Limine precluding Continental from eliciting testimony, making argument or otherwise interjecting the issue of marijuana use into the trial of this action.

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(g)

The parties are unable to agree to the relief sought at this time but have agreed to continue discussing this matter and will advise the court if an agreement is reached.

Respectfully submitted,

/s/ KELLY KATHLEEN GRAY, ESQ.
LEE D. GUNN IV, ESQ.
Florida Bar No.: 367192
lgunn@gunnlawgroup.com
KELLY KATHLEEN GRAY, ESQ.
Florida Bar No.: 985309
kgray@gunnlawgroup.com
GUNN LAW GROUP, P.A.
777 S. Harbour Island Boulevard, Suite 765
Tampa, FL 33602
(813) 228-7070 TELEPHONE
(813) 228-9400 FACSIMILE
Counsel for Defendant Gimopoulos

/s  KERRY C. MCGUINN, JR., ESQ.
MICHAEL S. RYWANT, ESQ.
Florida Bar No. 240354
mrywant@rywantalvarez.com
KERRY C. MCGUINN, JR., ESQ.
Florida Bar No. 982644
kmcguinn@rywantalvarez.com
RYWANT, ALVAREZ JONES, ET AL.
109 N Brush Street, Suite 500
Tampa, FL  33602
(813) 229-7007 Telephone
(813) 223-6544 Facsimile
Counsel for Defendant Roberts

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 15th day of September, 2008, I electronically filed a true and correct copy of the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following: ALLEN VON SPIEGELFIELD, ESQ., Fowler, White, et al., P.O. Box 1438, Tampa, FL 33601, avonsp@fowlerwhite.com; DAVID L. ROSS, ESQ., JACQUELINE BECERRA, ESQ., and SABRINA R. FERRIS, ESQ. Greenberg, Traurig, LLP, 1221 Brickell Avenue, Miami, FL 33131, rossd@gtlaw.com; becerraj@gtlaw.com; ferriss@gtlaw.com; MICHAEL S. RYWANT, ESQ., and KERRY C. MCGUINN, JR., ESQ., Rywant, Alvarez, Russo & Jones, 109 North Brush St., Suite 500, Tampa, FL. 33602, mrywant@rywantalvarez.com; kmcguinn@rywantalvarez.com; JAY B. GREEN, ESQ., Green, Ackerman & Frost, P.A., 1200 North Federal Highway, Suite 301, Boca Raton, FL 33432, jgreen@gaflaw.com

**I FURTHER CERTIFY** that I mailed the foregoing document and the notice of electronic filing by U.S. Mail to the following non-CM/ECF participants: None

/S/ KELLY KATHLEEN GRAY, ESQ.
LEE D. GUNN IV, ESQ.
Florida Bar No.: 367192
lgunn@gunnlawgroup.com
KELLY KATHLEEN GRAY, ESQ.
Florida Bar No.: 985309
kgray@gunnlawgroup.com
GUNN LAW GROUP, P.A.
777 S. Harbour Island Boulevard, Suite 765
Tampa, FL 33602
(813) 228-7070 TELEPHONE
(813) 228-9400 FACSIMILE
Counsel for Defendant Gimopoulos