UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE CONTINENTAL INSURANCE
COMPANY,

       Plaintiff,

v.                                              CASE NO.: 8:05-CV-1658-T-17MSS

POLLY ROBERTS and
STEPHEN GIMOPOULOS,

       Defendants.
_____/

## ORDER ON DEFENDANTS' MOTION TO CLARIFY OR IN THE ALTERNATIVE MOTION FOR RECONSIDERATION OF THIS COURT'S ORDER TO BIFURCATE THE TRIAL, AND ON DEFENDANTS ROBERTS' MOTION TO REALIGN PARTIES

This cause comes before the Court on two motions. First, Defendant Polly Roberts' ("Roberts") Motion to Clarify or in the Alternative Motion for Reconsideration under Federal Rules of Civil Procedure 59 and 60 (Docket No. 172), Defendant Stephen Gimopoulos' ("Gimopoulos") Notice of Joinder in Defendant Roberts' Motion, and Plaintiff's response thereto (Docket No. 182). Second, Defendant Roberts' Motion to Realign the Parties (Docket No. 186), and Plaintiff's response thereto (Docket No. 201). After careful consideration, for the reasons set forth below, both of the Defendants' Motions are hereby denied.

I.    BACKGROUND

The following facts and procedural history were set forth in this Court's Order to Bifurcate into two trials regarding coverage and bad faith (Docket No. 168), and are again taken as true for the purpose of resolving the pending motion.

1

On July 1, 2001, Defendant Roberts, and her live-in boyfriend Gimopoulos were entertaining friends James Jamro and Kimberly White on Roberts' boat (Docket No. 29). During the outing, Gimopoulos dove headfirst into shallow water and sustained serious physical injuries, resulting in paralysis (Docket No. 29). Several state and federal filings followed.

In state court, on May 30, 2003, Gimopoulos filed suit against Roberts and The Continental Insurance Company ("Continental") in *Gimopoulos v. The Continental Insurance Co. and Polly Roberts*, Case No. 03-43060-CI-13, in the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida ("Gimopoulos I") (Docket No. 1). In July 2003, Gimopoulos voluntarily dismissed Gimopoulos I (Docket No. 1). In September 2003, Gimopoulos filed *Gimopoulos v. Roberts*, No. 03-6824-CI-20 in the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida ("Gimopoulos II"), seeking to hold his girlfriend liable for his injuries (Docket No. 1).

In federal court proceedings, on April 20, 2004, this Court granted summary judgment for Gimopoulos in *The Continental Casualty Company v. Roberts*, Case No. 8:03-cv-1260-T24 (M.D. Fla. 2004) (the "Continental Coverage Action") (Docket No. 1). Continental appealed this Court's ruling in the Continental Coverage Action to the United States Court of Appeals for the Eleventh Circuit (Docket No. 1). On June 2, 2005, a sharply divided panel of the Eleventh Circuit ruled 2-1 that the Policy was ambiguous and that, as a result, the household sublimit of $25,000.00 did not apply to Gimopoulos' claim (Docket No. 1). Continental asked the Eleventh Circuit to reconsider its ruling, but Continental's petition for rehearing was denied (Docket No. 1).

Continental then brought before this Court this claim against Roberts and Gimopoulos on September 6, 2005, alleging six causes of action, specifically fraud and civil conspiracy of fraud

2

(Docket No. 1). Defendants both then filed counterclaims, alleging among other claims, bad faith on the part of Continental (Docket Nos. 29, 31). Continental followed with a Motion to Bifurcate the Trial on October 22, 2007 (Docket No. 116), which both Defendants Gimopoulos and Roberts opposed (Docket Nos. 118, 119). This Court on July 8, 2008, granted the Plaintiff's motion to bifurcate (Docket No. 168). The Defendants come now before this Court requesting reconsideration or clarification of the Order to Bifurcate and realignment of the parties.

## II. STANDARD OF REVIEW

### A. Motion For Reconsideration

Defendants argue the applicability of Federal Rules of Civil Procedure 59(e) and 60(b)(6) to support the motion for reconsideration or clarification, which state in relevant part:

> The court may, on motion, grant a new trial on all or some of the issues . . . after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court. . . . A motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment. Fed. R. Civ. P. 59.
>
> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any other reason that justifies relief. Fed. R. Civ. P. 60.

A motion to reconsider under Rule 59 carries a standard of review as explained in *Prudential Securities*. *Prudential Securities, Inc. v. Emerson*, 919 F.Supp. 415, 417 (M.D. Fla. 1996). A prior decision of this Court will not be amended without a showing of "clear and obvious error where the 'interests of justice' demand correction." *Id.* (quoting *American Home Assurance Co. v. Glenn Estess & Assoc.*, 763 F.2d 1237, 1239 (11th Cir. 1985)). Because reconsideration is an "extraordinary remedy" it "must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Ludwig v. Liberty Mut. Fire Ins. Co.*, 2005 U.S. Dist. LEXIS 37718, 2005 WL 1053691. Furthermore, a motion for

3

reconsideration cannot be used "to raise arguments, which could and should have been made earlier." *Id.* (quoting *Lussier v. Dugger*, 904 F.2d 661, 667 (11th Cir. 1990)). New arguments meet this high standard only when under special circumstances, such as the "new law" exception and the "federal policy" exception. *Prudential Securities*, 919 F.Supp. at 418. Thus, as the Defendants correctly denote, it is only when a law is revised, new evidence is available, or "the need to correct clear error or manifest injustice" arises that a motion for reconsideration will be granted (Docket No. 172). *Lamar Adver. of Mobile, Inc. v. City of Lakeland*, 189 F.R.D. 480, 489 (M.D. Fla. 1999); *see also Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994). Here, Defendants argue for reconsideration under manifest injustice (Docket No. 172).

A district court has power pursuant to Rule 60(b) to vacate or set aside a judgment "whenever such action is appropriate to accomplish justice," (*Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984) (citing *Klapprott v. United States*, 335 U.S. 601, 615 (1949))), and, therefore, Rule 60 should be liberally construed. *See Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir. Unit A Jan. 1981) (citations omitted). However, relief under Rule 60(b)(6) requires a party to demonstrate exceptional circumstances. *Crapp v. City of Miami Beach*, 242 F.3d 1017, 1020 (11th Cir. 2001) (citation omitted). Here, Defendants argue manifest injustice will result "if [Plaintiff] is permitted to introduce evidence related to the actions of [Defendant] in the course of the underlying claims to support its contention that she failed to cooperate, but then preclude her from introducing evidence of her defenses to these claims merely because that evidence may also have some relationship to the bad faith issues" (Docket No. 172).

4

### B. Motion to Realign Parties

A district court has the discretion to realign the parties in a civil action. *City of Indianapolis v. Chase National Bank*, 314 U.S. 63, 62 (1941) (finding the court should "look beyond the pleadings, and arrange the parties according to their sides in the dispute"). One purpose of realignment includes making certain courts are in a position to issue true opinions not advisory opinions. *See Federal Insurance Co. v. Bill Harbert Construction Co.*, 82 F. Supp. 2d 1331, 1333-1334 (S.D. Ala. 1999). Defendant Roberts argues that realignment determines "which party has the privilege of opening and closing at trial," and which party carries the burden of proof (Docket No 186). Plaintiff argues that realignment is improper and will confuse the jury (Docket No. 201).

## III. ANALYSIS

### A. Motion for Reconsideration

The Defendants now move this Court to clarify the Order to Bifurcate, or in the alternative to reconsider under Federal Rule of Civil Procedure 59(e) or to grant relief under Federal Rule of Civil Procedure 60(b)(6).

#### i.   59(e) Analysis

Timeliness is the threshold consideration under Rule 59 analysis. As the Plaintiff correctly notes, a movant has ten days to seek relief under Rule 59(e). Defendant Roberts submitted the subject Motion for Reconsideration (Docket No. 172) thirteen days after this Court entered the Motion to Bifurcate (Docket No. 168). The Defendants' Motion for Reconsideration is therefore untimely under Rule 59. Even if the Defendants' Motions for Reconsideration were timely, as the Plaintiff correctly states, this Court's Order to Bifurcate is not a final judgment

(Docket No. 182). Fed. R. Civ. P. 59(e) (stating "[a] motion to alter or amend a *judgment* must be filed no later than 10 days after the entry of the judgment) (emphasis added).

Even assuming that this Court could consider a Rule 59 motion, relief under Rule 59(e) requires a party to demonstrate "the need to correct clear error or manifest injustice." *Lamar Adver. of Mobile, Inc. v. City of Lakeland*, 189 F.R.D. 480, 489 (M.D. Fla. 1999). The Defendants offer three examples of evidence which would "necessarily require the Defendant to introduce evidence which also touches upon matters which will be relevant to bad faith, even if the bad faith action raised in the Counterclaim is not actually tried at the first phase of the trial" (Docket No. 172). The Defendants argue that the Plaintiff will offer evidence in the first trial on coverage regarding obstruction, the family exception, continuances, and in-house counsel testimony (Docket No. 172). The Plaintiff counters that this Court's Order to Bifurcate does not necessitate such a limitation and that relevant evidence has not been sought to be precluded (Docket No. 182).

It is important to note at this time that the Defendants argue under the Federal Rules of Civil Procedure only in the alternative that this Court declines to clarify the Order to Bifurcate. The 1985 case of *O'Malley v. United States Fidelity & Guaranty Company* is instructive. 776 F.2d 494 (5th Cir. 1985). In *O'Malley*, the Fifth Circuit, under an abuse of discretion standard, first found that the district court property applied Federal Rule of Civil Procedure 42(b) to bifurcate an insurance claim, separating coverage and bad faith issues. *Id.* at 501. *Inter alia*, the court then considered the movant's argument that "bifurcation of issues prevented him from introducing evidence relevant to the coverage issue." *Id.* Because the district court did not wholly prohibit testimony that was relevant to both the coverage and bad faith issues, but rather allowed testimony that was relevant to coverage in the coverage trial, the Fifth Circuit found the

movant's augments without merit. *Id.* So, too, will this Court allow evidence during the coverage trial that may be relevant to both coverage and bad faith, so long as the parties remain within the bounds of the bifurcation.

### ii. 60(b)(6) Analysis

Timeliness is the threshold consideration under a Rule 60(b)(6) analysis. Rule 60(b) requires that the motion from judgment be filed "within a reasonable time" and specifically states that filing within one year is timely for subsections (1)-(3). However, when a Rule 60(b)(6) motion is filed within one year of the judgment and within a reasonable time, timeliness is accomplished as "there is no need to differentiate between the grounds justifying relief." *Seven Elves*, 635 F.2d at 402 n.3 (5th Cir. Unit A Jan. 1981). The Defendants' Motions are therefore timely.

Another threshold consideration is the applicability of a Rule 60 motion to an Order to Bifurcate. This Court may order bifurcation under Federal Rule of Civil Procedure 42(b), which states in relevant part:

> For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or thirdparty claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

Fed. R. Civ. P. 42. An order by a district court under Rule 42 to either consolidate or separate a trial "is not a final appealable order." *NAACP v. Michot*, 480 F.2d 547, 548 (5th Cir. 1973).[1] A motion under Rule 60 requires a "final judgment" of the court. Fed. R. Civ. P. 60(b). Therefore, a 60(b)(6) argument is premature in this matter.

---

[1] Decisions of the former Fifth Circuit rendered prior to the close of business on September 30, 1981 are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981)).

Even assuming that this Court could consider a Rule 60 motion, relief under Rule 60(b)(6) requires a party to demonstrate exceptional circumstances. *Crapp v. City of Miami Beach*, 242 F.3d 1017, 1020 (11th Cir. 2001) (citation omitted). The Defendants failed to offer any argument demonstrating exceptional circumstances (Docket No. 172), and this Court fails to find any exceptional circumstances. See *Lender v. Unum Life Ins. Co. of America*, 519 F. Supp. 2d 1217, 1223 (M.D. Fla. 2007) (finding extraordinary circumstances under Rule 60(b)(6) when plaintiff demonstrated the merits were not considered before dismissal, the motion was not a replacement for appeal, general diligence, and equities permitted the order.)

### B. Motion to Realign Parties

Defendant Roberts now moves this Court to realign the parties, arguing Plaintiff's claims of fraud, unjust enrichment, conspiracy, and declaratory judgment are analogous to defenses and an attempt to avoid payment; while Defendants' counterclaims of bad faith, declaratory judgment, and breach of contract are an attempt to enforce the insurance policy issued by the Plaintiff (Docket No. 186). To support this argument, Defendant Roberts relies on two cases before this Court in recent years. First, in *Geico v. McDonald*, this Court granted realignment of the parties to properly reflect the party bringing the declaratory judgment as the party bearing the burden of proof—the plaintiff. Case No. 8:05-cv-73-T-17MAP/8:05-cv-164-T-17MAP (M.D. Fla. Feb. 4, 2008). Second, in *Geico v. Beauford and Acre*, this Court granted realignment of the parties because the original plaintiff was in effect defending its insurance coverage-related actions and the original plaintff's claim included a declaratory judgment. Cast No. 8:05-cv-697-T-24EAJ (M.D. Fla. Aug. 22, 2007).

In response, Plaintiff argues it bears the burden regarding the claims of fraud and breach of cooperation cause claims, which it argues are not "nominal" claims (Docket No. 201). Further,

8

Plaintiff distinguishes the two *Geico* cases by noting the primary issues for trial there were the bad faith claims, and realignment there was proper only because the insureds bore the burden of proof on the bad faith claim (Docket No. 201). Here, the Plaintiff argues, the bad faith claim is bifurcated to the second trial (Docket No 201) and proceeding with the first trial regarding coverage with realigned parties would confuse the jury.

This Court reiterates Plaintiff's differentiation between the procedural history of the *Gieco* cases and the procedural history of the subject motion before this Court. Further, both parties here are seeking declaratory judgments. *See Defendant/Counterplaintiff, Polly Roberts', Motion to Realign the Parties*, Docket No. 186, (stating in ¶ 4 "[s]imilarly, both Roberts and Gimopoulos filed counterclaims in this matter against CNA for bad faith, declaratory judgment, and/or breach of contract;" and stating in ¶ 3 "[w]hile CNA's Complaint in this matter purports to assert claims for fraud, unjust enrichment, civil conspiracy, and declaratory judgment"). Based on all of the claims in this case, the Plaintiff properly bears the burden of proving the claims of fraud and breach of cooperation in the coverage trial, and realignment is thus improper.

Accordingly, it is

**ORDERED** that Defendants' Motion to Clarify, or in the Alternative Motion for Reconsideration (Docket No. 172) be **DENIED**; and Defendant Roberts' Motion to Realign the Parties (Docket No. 186) be **DENIED**.

**DONE AND ORDERED** in chambers, in Tampa, Florida, this 20th day of November, 2008.



ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to: All parties and counsel of record.

10